# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| JOSHUA BRYANT SEAY, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | Case No. 1:16-cv-01302-STA-jay |
| ANGELA OWENS, | ) ) ) | |
| Respondent. | ) ) ) | |

## ORDER DIRECTING CLERK TO MODIFY RESPONDENT, DENYING § 28 U.S.C. 2241 PETITION, DENYING MOTION TO EXPEDITE AS MOOT, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Joshua Bryant Seay has filed a habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2241. (ECF No. 1.)[1] For the following reasons, the Petition is **DENIED.**[2]

## BACKGROUND

On April 5, 2013, Seay was arrested by the Madison County, Tennessee, Sheriff's Department on an outstanding warrant from Henderson County, Tennessee. (ECF No. 9-1 at 1-2, 7.) A federal grand jury sitting in the Western District of Tennessee returned a one-count indictment on April 15, 2013, charging him with the distribution of methamphetamine occurring on or about March 29, 2013, in violation of 21 U.S.C. § 841(a)(1). (*United States v. Seay*, 1:13-

---

[1] Unless otherwise indicated, record citations are to documents filed in the instant case.

[2] On September 25, 2019, Petitioner filed a motion to expedite a ruling on the Petition. (ECF No. 18.) Because this order addresses the merits of the Petition, the motion is **DENIED AS MOOT**.

cr-10031-JDB-1 ("No. 13-cr-10031"), ECF No. 5 at 1.)  On May 6, 2013, while he was in state custody, he was "borrowed" by the United States Marshal's Office (the "U.S. Marshal"), pursuant to a federal writ of habeas corpus ad prosequendum, and was returned the same day. (ECF No. 9-1 at 2, 7.)  A superseding federal indictment was returned on May 20, 2013, charging Petitioner with distributing methamphetamine from "as early as March 2011 until on or about June 20, 2011" (Count 1), distributing methamphetamine "[o]n or about March 29, 2013" (Count 2), and threatening to assault, kidnap, and murder a law enforcement officer and a member of that officer's family (Count 3), in violation of 18 U.S.C § 115(a)(1)(A) and (B).  (No. 13-cr-10031, ECF No. 14 at 1-2.)

Petitioner was again taken into temporary custody by the U.S. Marshal on July 1, 2013. (ECF No. 9-1 at 2, 7.)  On July 19, 2013, while in temporary federal custody, the State of Tennessee revoked his probation in state case numbers 09-103-2 and 11-048-1.  (*Id.* at 2, 13, 14.) His revocation sentence began to run the same day.  (*Id.* at 2, 13.)

Pursuant to an agreement with the Government, Seay pleaded guilty on December 20, 2013, to Counts 2 and 3 of the superseding federal indictment.  (No. 13-cr-10031, ECF No. 34.) The Court sentenced him on April 29, 2014, to a 120-month term of imprisonment and three years of supervised release.  (*Id.*, ECF No. 44.)  The Court ordered the federal sentence to run concurrently with the state revocation sentences.  (*Id.*, ECF No. 44.)

On May 5, 2014, the U.S. Marshal returned Petitioner to state custody to complete his state sentences.  (ECF No. 9-1 at 3, 10.)  The federal Bureau of Prisons (the "BOP") designated the Tennessee Department of Corrections as the place to serve the federal sentence, and computed Petitioner's federal sentence to commence on April 29, 2014, the date the federal sentence was imposed.  (*Id.* at 3, 24.)  The BOP also credited Seay with 105 days of jail credit

for the time period starting on the date of his arrest on April 5, 2013, through July 18, 2013, which was the day before his state revocation sentences began to run. (ECF No. 9-1 at 3, 27.)

## DISCUSSION

Seay filed his Petition on November 25, 2016. (ECF No. 1.) He asserts that the BOP should credit his federal sentence with the nearly 300 days he spent in custody from July 19, 2013, when his state revocation sentence began, until April 28, 2014, the day before his federal sentence commenced. (*Id.* at 7.) He insists that he is entitled to "*Willis*" credits, pursuant to the holding in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) (per curiam), as incorporated into BOP policy at Program Statement ("PS") 5880.28, *Sentence Computation Manual.* (*See* ECF No. 9-1 at 35.) Respondent, Angela Owens,[3] argues the claim is without merit. In support, she has submitted the declaration of Ron Williams, a BOP employee "work[ing] in the area of inmate sentence computations" (ECF No. 9-1 at 1), as well as exhibits showing BOP and State of Tennessee sentence calculations and correspondence (*id.* at 7-15, 24-27, 31-32).

This Court is authorized to issue a writ of habeas corpus on behalf of a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A claim about the BOP's failure to award sentence credit can be addressed in a § 2241 petition, after the inmate has exhausted his administrative remedies with the BOP. *United*

---

[3] At the time he filed the Petition, Seay was housed in Federal Correctional Institution ("FCI") Memphis. He therefore named then-warden Myron Batts as Respondent. According to the BOP inmate locator, Petitioner is now incarcerated at FCI Yazoo City Low, in Mississippi. *See* https://www.bop.gov/inmateloc/ (last accessed October 15, 2019). Although the proper respondent in a § 2241 habeas case is the petitioner's custodian, *see Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), this Court nevertheless retains jurisdiction despite the transfer of Seay's custody. *See White v. Lamanna*, 42 F. App'x 670, 671 (6th Cir. 2002). Respondent is therefore the current warden of FCI Memphis, Angela Owens. The Clerk is **DIRECTED** to substitute Angela Owens for Myron Batts as Respondent.

*States v. Westmoreland*, 974 F.2d 736, 737-38 (6th Cir. 1992). In this case, the BOP has not argued that Petitioner has not exhausted his administrative remedies.

Calculation of a federal prisoner's sentence, including its commencement date and any credit for custody before sentencing, is governed by 18 U.S.C. § 3585. Section 3585(a) provides that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The determination of whether a prisoner is entitled to credit for custody occurring before commencement of his federal sentence is governed by § 3585(b), which specifies:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added). By this latter provision, "Congress made clear that a defendant [cannot] receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992); *see also Broadwater v. Sanders*, 59 F. App'x 112, 114 (6th Cir. 2003) ("Because [he] received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his current federal sentence.").

For federal sentences that are to run concurrently with state sentences, the Fifth Circuit in *Willis* created "an exception to § 3585(b)'s prohibition against double credit," *Barker v. Barnhart*, No. 18-5969, 2019 WL 4391453, at *3 (6th Cir. June 4, 2019), which the BOP has adopted. *See* PS 5880.28 (citing *Willis*, 449 F.2d at 923). The BOP program statement provides,

4

in relevant part, that "[p]rior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence begins to run, federal or non-federal." P.S. 5880.28(2)(c).

As noted, Petitioner committed his federal drug offense on or about March 29, 2013. His arrest on state charges occurred a few weeks later, on April 5, 2013. Because his eventual federal sentence was ordered to run concurrently with his state sentences, he is entitled to, and did receive, *Willis* credits for the 105 days he spent in custody from the date of his arrest until the day before his state revocation sentences commenced on July 19, 2013. He is not, however, entitled to *Willis* credits for the window of time framed by July 19, 2013, and the commencement of his federal sentence on April 29, 2014. As noted, the *Willis* exception to § 3585(b)'s rule against double credit only applies to days spent in custody *prior to* the commencement of the state sentence. *See Barker*, 2019 WL 4391453, at *3 (citing *Willis*, cite).

Therefore, Seay's federal sentence was properly computed. Because he has been awarded all presentence custody credits to which he is entitled, the Petition is **DENIED**.

## APPEAL ISSUES

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. United States Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009). To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *See generally Samarripa v. Ormond*, 917 F.3d 515, 517–18 (6th Cir. 2019). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an

appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because Petitioner is clearly not entitled to relief, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.

**IT IS SO ORDERED**.

        **s/ S. Thomas Anderson**
        S. THOMAS ANDERSON
        CHIEF UNITED STATES DISTRICT JUDGE

        Date: November 8, 2019.